Wyly, J.
In this suit, brought by Gr. W. Banker and Thomas C. Payan, claiming to be creditors, to destitute Mrs. C. Poussin of the administration of her husband’s succession, on the ground that she has failed to perform the duties of said office, the defense is set up that they are not creditors, their claims have never been allowed by her, although without her knowledge placed by her attorney on the tableau of debts, filed and homologated in 1866, and 'that said claims are barred by the prescription of five years which she pleads.
The judgment of the court was, that Mrs. Poussin file an account within ten days, and in default thereof that the public administrator take possession of said succession, and she be destituted. Mrs. Poussin has appealed.
Appellees joining in the appeal, pray that the order of dismissal be made absolute in terms.
*297 There are several reasons why the judgment should be reversed and the suit dismissed for want of interest on the part of plaintiffs in the proceeding:
First — Their claims have never been allowed by the administratrix as required by articles 985, 986 C.’P., nor have they been established as valid debts'of the succession by the judgment of a court of competent jurisdiction.
Second — The defect just stated was not cured by the fact that these claims were included, without the knowledge or consent of the administratrix, in the statement of debts which'her attorney filed in 1866, and which was homologated because not opposed after advertisement. This is not the manner provided in articles 985. 986 C, P., for the allowance of claims; and an attorney at law can not allow claims which the legal representative of the succession, as in this case, never saw or heard of, much less allowed.
Third — If the claims had been allowed at the time of the filing of the tableau of debts in 1866, they, would not be binding on the succession, because the proof shows they were already prescribed, and the administratrix had not the power to renounce prescription.
Fourth — If the claims had been allowed by the administratrix at the time stated, prescription has since extinguished them, the record containing no evidence of the interruption'since then of the current of prescription.
As the plaintiffs in rale are not creditors of the succession, they have no interest in the matter of which they complain, and their suit must be dismissed.
It is therefore ordered that the judgment herein be annulled, and it is decreed that this proceeding be set aside and the petition be dismissed at the costs of appellees in both courts.